## 10279

### POLLARD v. SAVANNAH RIVER LUMBER COMPANY.

(100 S. E. 145.)

1. MASTER AND SERVANT—WHEN CONTRIBUTORY NEGLIGENCE A JURY QUESTION.—In action for injuries to planing mill employee from neg-ligently placed and exposed trim saw, question of employee's con-tributory negligence *held* for jury.

2. MASTER AND SERVANT—WHEN ASSUMPTION OF RISK A JURY QUES-TION.—In an action for injuries to planing mill employee for injuries from negligently placed and exposed trim saw, question of assumption of risk *held* for jury.

3. TRIAL—WHEN CASE FOR JURY.—Where testimony was susceptible of more than one inference, Court properly submitted case to jury.

Before RICE, J., Colleton, Spring term, 1919. Affirmed.

Action by George Pollard against the Savannah River Lumber Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Nathans & Sinkler,* for appellant, submit: *The risk was open and notorious and assumed by plaintiff:* 72 S. C. 346; 80 S. C. 238; 86 S. C. 130. *Plaintiff's negligence was the proximate cause of injury:* 61 S. C. 482-485.

*Mr. M. P. Howell,* for respondent, cites: *As to the gen-eral law governing the granting of nonsuits:* 95 S. C. 243; 98 S. C. 129; 90 S. C. 316. *As to assumption of risk:* 25 L. R. A. (N. S.), note, page 1179; 61 S. C. 478; 102 S. C. 276; 108 S. C. 100. *As to law of contributory negligence:* 61 S. C. 479; 86 S. C. 229; 80 S. C. 232; 81 S. C. 522; 79

Cyc. 639 and 641; 65 S. C. 332. *All of the questions involved in this appeal are settled absolutely against the appellant:* 86 S. C. 271.

August 26, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff recovered judgment for injury to his hand, caused by contact with a negligently placed and exposed trim saw in defendant's planing mill. The only errors assigned are in the refusal of defendant's motion to direct the verdict, on the grounds of assumption of risk and contributory negligence.

Plaintiff was put to grading and trimming the lumber to specified lengths, as it came from the planer. His position was about 10 feet from the planer and 4 feet from the trim saw. When a piece of the right length came through, he handed it to another laborer, who put it on a chain, by which it was carried on to be loaded into a car. But if a piece came through that was too long, it was his duty to take it off and trim it to the right length. When he had trimmed a board, and was turning toward the other laborer, his hand came in contact with the saw and was injured.

There was testimony that the saw was improperly placed so near to where the grader had to stand as to make it unnecessarily dangerous to him in doing his work, and that it could have been made safe by boxing or covering it which was usually done in other mills, also that plaintiff had complained of the danger, and defendant's foreman had promised to remedy the unsafe arrangement, and that plaintiff continued in the service in reliance upon that promise. On both issues, the testimony was susceptible of more than one inference, and, therefore, the case was properly submitted to the jury. *Bodie v. Railway,* 61

S. C. 468, 39 S. E. 715; *Lorick v. Railway,* 102 S. C. 276, 86 S. E. 675, Ann. Cas. 1917d, 920; *Id.,* 108 S. C. 100, 93 S. E. 332.

Judgment affirmed.